### EDSON L. OAK *vs.* WILLIAM H. DUSTIN.

Penobscot. Opinion January 31, 1887.

*Duress. Principal and surety. Arrest on mesne process.*

Though duress be practiced on the principal it cannot be invoked as a defense by the surety on whom no restraint is imposed.

Whether the certificate of the oath of a creditor given in the report of this case, was sufficient to authorize arrest is not decided.

ON report.

*Scire facias* against bail.

The following is a copy of the certificate of the oath referred to in the last clause of the opinion.

"State of Maine. Penobscot, ss. May 5th, 1882. Then personally appeared S. P. Crosby, attorney to the within named creditor, and made oath that he has reason to believe and does believe that the within named debtor is about to depart and reside beyond the limits of the State, and take with him property or means of his own exceeding the amount required for his immediate support, and that the demand sued for, or the principal part thereof, amounting to at least ten dollars, is due to the within named creditor. Josiah Crosby, justice of the peace."

*Crosby and Crosby*, for plaintiff, cited, upon the question of the sufficiency of the certificate of oath: *Roop* v. *Johnson*, 23

Maine, 335 ; *Prentiss* v. *Kelley*, 41 Maine, 436 ; *Knowlton* v. *Plantation No. 4*, 14 Maine, 20 ; *Penobscot Boom Corp.* v. *Lamson*, 16 Maine, 224 ; *Marston* v. *Savage*, 38 Maine 128 ; *Adams* v. *Macfarlane*, 65 Maine, 143.

Bail can not deny liability of principal : *Stever* v. *Sornberger*, 24 Wend. 274 ; *Hall* v. *Young*, 3 Pick. 80 ; *Springfield Card M'f'g Co.* v. *West*, 1 Cush, 388 ; 1 Chit. Pl. 486, 512-13 ; 2 Chit. Pl. 311 ; *Com.* v. *Brickett*, 8 Pick. 140.

*Thomas H. B. Pierce*, for defendant.

The certificate of the oath must show every statute requirement complied with. *Proctor* v. *Lothrop*, 68 Maine, 256.

The certificate in this case does not meet the statute requirements. R. S., 1871, c. 113, § 2.

*Caswell* v. *Fuller*, 77 Maine, 105, virtually sustains my position. It proceeds upon the ground that the creditor is liable to the debtor for causing his arrest by an oath in any material respects untrue.

WALTON, J. This is an action of *scire facias* on a bail bond. The defense is duress. Not duress of the surety, against whom the action is brought, but duress of the principal in the bond, who is not sued. It is claimed that he was unlawfully arrested on a writ, the oath, as the defendant contends, not being sufficiently formal to justify his arrest. The defense can not prevail. The person on whom the duress was practiced is the only one who can take advantage of it as a ground of defense. It can not be set up by a stranger, nor by a surety, on whom no restraint was imposed. *Springfield Card Man. Co.* v. *West*, 1 Cush. 388 ; *Robinson* v. *Gould*, 11 Cush. 55.

In the case last cited it is said that this distinction rests on sound principle ; that he only should be allowed to avoid his contract upon whom the unlawful restraint or fear has operated ; that the contract of a surety, if his own free act, and executed without coercion or illegal menace, should be held binding ; that the duress of his principal can not affect his free agency, or in any way control his action ; that it may excite his feelings,

awaken his generosity, and induce him to act from motives of charity and benevolence towards his neighbor; but that these can furnish no valid ground of defense against his contract, which he has entered into freely and without coercion.

The defense of duress not being open to the defendant, it is not important to inquire whether his principal was or was not unlawfully arrested. But it may not be improper to add that the authorities cited by the plaintiff's counsel seem to sustain the form of the oath and the legality of the arrest; and, if so, then there was no duress of any one. But upon this point we express no opinion.

*Judgment for plaintiff for $101.86,*
*with interest from date of the writ.*

PETERS, C. J., DANFORTH, EMERY, FOSTER and HASKELL, JJ., concurred.