## THE LIMON.

Circuit Court of Appeals, Second Circuit.
November 1, 1927.

### No. 17.

1. Aliens ⟜46—East Indian seamen could be excluded, as natives of country immigration from which was limited.

East Indian seamen, discharged from ship, could be excluded, since they were natives of country immigration from which to United States was limited.

2. Aliens ⟜58—Right of alien seamen to shore leave did not excuse ship's master for breach of statute relating to paying off and discharging them (Seamen's Act; Immigration Act 1917, § 33 [8 USCA § 168]).

Right of East Indian seamen to shore leave, under Seamen's Act (38 Stat. 1164), did not ex-

cuse ship's master from breach of Immigration Act 1917, § 33 (8 USCA § 168), relating to paying off and discharging alien employees on board vessels arriving in United States.

**3. Aliens ☞40—Statute permitting bona fide seamen to exercise right of shore leave, irrespective of race, held not inconsistent with statute relating to paying off and discharging alien employees on board vessels (Seamen's Act; Immigration Act 1917, § 33 [8 USCA § 168]).**

Provision of Seamen's Act (38 Stat. 1164), permitting all bona fide seamen to exercise right of shore leave, irrespective of their race, *held* not inconsistent with Immigration Act 1917, § 33 (8 USCA § 168), prohibiting paying off or discharging employees on board vessels arriving in United States from foreign port or place, unless duly admitted under laws and treaties regulating immigration of aliens.

**4. Aliens ☞58—That immigration inspector did not notify master to detain particular alien seamen paid off and discharged was immaterial, in libel to recover penalty for violation of statute (Immigration Act 1917, § 33 [8 USCA § 168]).**

That immigration inspector did not notify master of steamship to detain particular East Indian seamen, paid off and discharged in violation of Immigration Act 1917, § 33 (8 USCA § 168), was no defense in libel to recover penalty for violation of statute, since such section does not require notice.

**5. Aliens ☞39—Congress can forbid aliens and classes of aliens from coming within United States borders.**

Congress has power to forbid aliens and classes of aliens from coming within borders of United States.

**6. Aliens ☞58—Penalty of $1,000 for each of two alien seamen paid off and discharged held excessive, where there were mitigating circumstances (Immigration Act 1917, § 33 [8 USCA § 168]).**

Penalty of $1,000, limit provided under Immigration Act 1917, § 33 (8 USCA § 168), for each of two alien seamen paid off and discharged in violation of statute, *held* excessive, where there were mitigating circumstances.

Appeal from the District Court of the United States for the Southern District of New York.

Libel by the United States against the steamship Limon, to recover penalty for violation of Immigration Act 1917, § 33 (39 Stat. 896). From a decree for the United States (14 F.[2d] 153), claimant appeals. Decree modified.

W. Dale Williams, of New York City, for appellant.

Charles H. Tuttle, U. S. Atty., of New York City (Mary R. Towle, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before MANTON, L. HAND, and SWAN, *Circuit Judges.*

MANTON, Circuit Judge. This is an action to collect penalties for violation of section 33 of the Immigration Act of 1917 (39 Stat. 896 [8 USCA § 168]). This section makes it unlawful, as well as a violation of section 32 of the same act (39 Stat. 895 [Comp. St. § 4289¼r]), to pay off or discharge any alien employee on board any vessel arriving in the United States from any foreign port or place, unless duly admitted pursuant to the laws and treaties of the United States regulating the immigration of aliens. A proviso, however, is made that, in case any such alien intends to reship on board any other vessel bound to any foreign port or place, he shall be allowed to land for the purpose of so reshipping, under such regulations as the Secretary of Labor may prescribe to prevent aliens not admissible under any law, convention, or treaty from remaining permanently in the United States, and he may be paid off and discharged, and be permitted to remove his effects, anything in such laws or treaty to the contrary notwithstanding, provided due notice of such proposed action be given by the master or the seaman himself to the principal immigration officer in charge of the port of arrival.

The charge of the libel is illegally paying off and discharging two East Indian seamen on July 13, 1923. These seamen were hired in New York and joined the ship there. They sailed on April 11, 1923, for a voyage from New York to Cuba, Jamaica, and Central American ports and return to New York, and engaged in a similar trip and again sailed as members of the crew of this vessel to other foreign ports and return. They returned from the latter voyage on the 13th of July, 1923. An immigration inspector notified the master of the steamship to detain all East Indian members of the crew, the notice not specifying in particular these two aliens. They were not ordered to Ellis Island, although excludable aliens, but were paid off and discharged by the master. While section 32 of this act (39 Stat. 895) is pleaded as having been violated by the appellant, it is clearly stated not to be relied upon by the appellee to support the decree below. Reliance is placed solely upon the violation of section 33.

[1] It is contended that Congress did not intend section 32 or section 33 to apply to bona fide seamen, who are entitled to shore leave, and reference is made to U. S. ex rel. Lum

Young v. Stump (C. C. A.) 292 F. 354. Section 33 clearly refers to the class of seamen not permitted to land or remain permanently within the United States, and it permits the Secretary of Labor to prescribe regulations as to the manner of their coming into or reshipping out of the country. The aliens are excludable, in that they are admittedly natives of a country immigration from which to the United States is limited. In the Lum Young . Case, it was sought to exclude the aliens under the Chinese Exclusion Acts. Those acts apply only to laborers, and it was there pointed out that, since the alien was not a laborer, he could not be excluded under them.

Congress made no distinction between aliens and alien seamen. In United States v. N. Y. & Cuba Mail S. S. Co., 269 U. S. 304, 46 S. Ct. 114, 70 L. Ed. 281, it was held that the act of 1917 "dealt specifically with 'alien seamen,' using that term, as shown by its general definitions and various provisions, as meaning 'aliens employed on any vessel arriving in the United States from a foreign port.'" And the court pointed out that they might be admitted into the United States as any other aliens, but, if not so admitted, they were prohibited from landing, except for certain temporary purposes, under regulations prescribed by the Secretary of Labor, and the act required the owner or master of any vessel coming from a foreign port to furnish a list of all its alien seamen and not to pay off or discharge them unless duly admitted or permitted to land.

[2] The phrase of section 33 is clear, and forbids paying off and discharging, unless it be done within the proviso therein stated. Paying off and discharging a seaman is not the same as granting him shore leave, but is inconsistent with it, for, when a seaman is paid off and discharged from a ship, his voyage on that ship is at an end. He may or may not sign for another voyage. He is under no obligation to do so. And apparently Congress considered this in providing by section 33 permission for alien seamen who desired to land and reship on another ship, to be paid off and discharged under the regulations to be prescribed by the Secretary of Labor, providing due notice of such proposed action be given. It is conceded by the appellant that it did not comply with the regulations or give any notice to the Secretary of Labor. Nor does the right of a seaman to shore leave excuse the appellant from its breach of section 33.

[3] It is argued by the appellant that section 33 refers only to aliens who are seeking admission, and does not apply to bona fide seamen who have no intention of entering. Such is not the purpose of the section. The provision of the Seamen's Act (38 Stat. L. 1164) which permits all bona fide seamen to exercise a right of shore leave, irrespective of their race, is not inconsistent with section 33 of the act of 1917. The Seamen's Act was intended to give alien seamen greater freedom in the ports of the United States, but, as pointed out above, paying off or discharging seamen, who might roam freely about the country, is more than granting mere shore leave. Distinction may well be made between seamen who are eligible under our laws to admission as immigrants, and seamen who admittedly are not thus eligible.

[4, 5] A suggestion that no notice was given to detain the particular seamen is of no force, because section 33 does not require a notice, as does section 32. A notice to detain aliens is a direction to prevent them from entering the country. Congress has the power to forbid aliens and classes of aliens from coming within the borders of the United States. Chinese Exclusion Case, 130 U. S. 581, 9 S. Ct. 623, 32 L. Ed. 1068; Wong Wing v. United States, 163 U. S. 228, 16 S. Ct. 977, 41 L. Ed. 140; Oceanic Navigation Co. v. Stranahan, 214 U. S. 320, 29 S. Ct. 671, 53 L. Ed. 1013. In the last case it was held that Congress may exercise this power by legislation aimed at the vessels bringing in excluded aliens, as by penalizing the vessels bringing in alien immigrants afflicted with disease, which might have been detected at the time of foreign embarkation, or by requiring a vessel bringing in aliens found to be within the excluded class to bear the expense of maintaining them while on land and return. United States v. Nord Deutscher Lloyd, 223 U. S. 512, 32 S. Ct. 244, 56 L. Ed. 531; The Nanking (C. C. A.) 290 F. 769.

The case of Scharrenberg v. Dollar S. S. Co., 245 U. S. 122, 38 S. Ct. 28, 62 L. Ed. 189, referred to by the appellant, arose prior to the act of 1917, and dealt with the construction of the contract labor law. It has no application here. U. S. ex rel. Lum Young v. Stump, supra, decided by a divided court, is of doubtful authority, in view of what was written in United States v. N. Y. & Cuba Mail S. S. Co., supra. United States ex rel. Anderson v. Burke (C. C.) 99 F. 895, was decided in 1899, long prior to the act of 1917 here under consideration. It holds that the immigration laws do not apply to alien sea-

men, and has since been overruled by the New York & Cuba Mail S. S. Co. Case, supra.

[6] The District Court imposed a penalty of $1,000, the limit provided under the statute, for each of the two seamen paid off and discharged. This was excessive. There are mitigating circumstances, which would justify imposition of a lesser penalty. A penalty of $500 for each alien is ample.

Decree modified accordingly.