## SINCLAIR NAV. CO. v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
April 15, 1929.

No. 5519.

Geo. H. Terriberry, H. F. Stiles, Jr., and Jos. M. Rault, all of New Orleans, La. (Terriberry, Young, Rault & Carroll, of New Orleans, La., on the brief), for appellant.

Edmond E. Talbot, U. S. Atty., of New Orleans, La.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Appellant brought suit against the United States to recover $1,000, the amount of a deposit to secure a fine alleged to have been unlawfully imposed for a supposed violation of the immigration laws. The petition was dismissed on exceptions to the jurisdiction of the court and of no right of action.

The material allegations of the petition, in substance, are these: Petitioner is a Delaware corporation, owner of the steamship Harry Farnum, an American vessel. On July 9, 1927, an alien seaman, F. Shrosball, was signed on as a member of the crew before a shipping commissioner at New Orleans, for

a voyage to Tampico, Mexico, and return. On July 17, 1927, the vessel returned from Tampico to New Orleans. On a certificate of a public health doctor, an immigration inspector served an order on the master of the vessel to convey Shrosball to the Marine Hospital in New Orleans for treatment. Prior thereto the seaman had applied to the master for a certificate to enable him to enter the said hospital. July 17th was a Sunday, and it was impossible to convey Shrosball to the hospital on that day. During the night Shrosball disappeared from the vessel. No written notice had been served on the master of the steamship Harry Farnum to detain the alien on board the vessel.

On September 10, 1927, the commissioner of immigration at New Orleans served a notice on the owners of the vessel of intention to fine under section 20a of the Act of May 26, 1924 (8 USCA § 167 (a), on the charge of "failure to detain on board after due notice to so detain had been served on the master." On September 17, 1927, the commissioner at New Orleans reported the case to the Department of Labor, recommending that the fine be imposed. On September 20th the department directed that the fine be assessed. On February 9, 1928, the Department of Labor ordered the case reopened, and thereafter issued a final ruling imposing a fine of $1,000. The amount of the fine was deposited with the auditor of customs at New Orleans under protest. Upon representation of petitioner that suit would be filed against the United States for recovery of this amount, the $1,000 was deposited and is now held on special deposit pending the outcome of the litigation. The ruling of the Department of Labor imposing the fine was erroneous, and all efforts to secure the remission of the fine through the proper officials has been unsuccessful.

It is the contention of the government that the fine was imposed by virtue of section 20a of the Act of May 26, 1924 (8 USCA § 167(a), and that the section makes no provision for the refunding of such fine in any event; that therefore, while the case may arise under that particular law, the right of recovery is not founded upon it, and consequently the District Court has no jurisdiction by virtue of the Tucker Act. Subdivision 20 of section 24, Judicial Code (28 USCA § 41(20).

While section 20a of the Act of May 26, 1924, does not expressly provide for the refund of a fine erroneously or illegally assessed, it does provide that no vessel shall be granted clearance pending the determination of the liability to the payment of a fine, or while it remains unpaid, with the proviso that clearance may be granted prior to the determination of the question, upon the deposit of a sum sufficient to cover the fine, or upon the giving of a bond to secure payment.

■ The fine provided for by the said section is a civil penalty, and, unless voluntarily paid, could be collected only by a civil suit. In that event the owner of the vessel would have his day in court, and an opportunity to defend against the imposition of the fine. When the government adopts the coercion of withholding clearance to enforce the giving of security for a fine, the imposition of which is pending, and a deposit for that purpose is made under protest, as was done in this case, we think there is an implied contract to refund the deposit, in the event the fine is improperly assessed. Of such a suit the District Court has jurisdiction under the Tucker Act. U. S. v. Kaufman, 96 U. S. 567, 24 L. Ed. 792; Dooley v. U. S., 182 U. S. 222, 21 S. Ct. 762, 45 L. Ed. 1074; U. S. v. Emery, etc., 237 U. S. 28, 35 S. Ct. 499, 59 L. Ed. 825; U. S. v. Compagnie Generale Transatlantique (C. C. A.) 26 F.(2d) 195.

■ That such a case is made out by the allegations of the petition is clear. It appears that the seaman was shipped from New Orleans for a return voyage to that port. It is doubtful, under these circumstances, that the immigration authorities had authority to order him detained on board, as under the general maritime law the master would have the right to discharge him at the termination of the voyage, and he would not be considered as an alien brought into the United States from a place outside thereof. Passing this, without deciding that question, the allegation that no order to detain the seaman on board was in fact made would be sufficient to show the illegality of the assessment of the fine.

Reversed and remanded, for further proceedings not inconsistent with this opinion.