## NAVIGAZIONE LIBERA TRIESTINA v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit. December 17, 1929.

No. 5875.

Lawrence Bogle, Cassius E. Gates, and Claude E. Wakefield, all of Seattle, Wash., for appellant.

Anthony Savage, U. S. Atty., and Jeffrey Heiman, Asst. U. S. Atty., both of Seattle, Wash.

Before DIETRICH and WILBUR, Circuit Judges, and LOUDERBACK, District Judge.

LOUDERBACK, District Judge. This is an appeal from a judgment dismissing plaintiff's amended complaint. The dismissal is based upon a demurrer interposed by the defendant to the said amended complaint, and sets forth four grounds of demurrer. At the hearing before the trial court, the demurrer was ordered overruled as to the first ground and sustained as to the fourth ground, to wit, that the amended complaint failed to state facts sufficient to constitute a cause of action. The second and third grounds were not considered. Plaintiff was allowed a period of seven days to amend its amended complaint, and plaintiff elected not to amend. When this said period had elapsed, a judgment of dismissal was made and entered. It is from the judgment dismissing the action that the plaintiff now appeals.

The amended complaint alleges the facts which follow. The plaintiff is an Italian steamship company, and operates the motorship Cellina. Giovanni Prigl was the master of the vessel, and two citizens of Italy, Domenico Lachich and Constantino Camalich, were bona fide seamen on the vessel when it left Vancouver, British Columbia. The vessel arrived at the port of Seattle, Wash., on March 17, 1927. No one from the Immigration Department inspected the crew until the following day at 10 o'clock a. m. when United States Inspector Rafferty came on board, although prior to the arrival of the vessel the immigration authorities at Seattle were duly and properly advised of the intended arrival of the vessel on the 17th instant. Inspector Rafferty made a brief inspection. The members of the crew of the said vessel, and more particularly the said Domenico Lachich and Constantino Camalich, were not examined by the inspector as to their right to enter or land, nor were they or any of them properly physically examined, nor did they have an opportunity of proving their right to land. The inspector issued a blanket order of detention for "all of the members of the crew of said vessel." This blanket order of detention was improper and arbitrary. The master refused to accept the same, and the inspector left immediately after issuing said order. Despite the care of the captain, officers, and agents of said vessel, the said two seamen escaped after the order of detention was issued. The plaintiff does not know the whereabouts of said two seamen. Within twelve days previous to the detention order, the two seamen had been examined by the United States Immigration officials at the ports of Los Angeles and San Francisco, and neither was ordered detained. A fine of $2,000 was levied for failure to detain said two seamen, and such fine was unlawful, arbitrary, and without authority. The complaint prays for a return of the $2,000, together with the costs incurred.

The issue before this court is whether the action of the trial court in its judgment of dismissal can be sustained. This involves the determination of whether the amended complaint sets forth a cause of action.

Congress has the power to forbid aliens or classes of aliens from coming within the borders of the United States. Chinese Exclusion Case, 130 U. S. 581, 9 S. Ct. 623, 32 L. Ed. 1068; Wong Wing v. U. S., 163 U. S. 228, 16 S. Ct. 977, 41 L. Ed. 140; Oceanic Navigation Co. v. Stranahan, 214 U. S. 320, 29 S. Ct. 671, 53 L. Ed. 1013; United States v. Williams, 194 U. S. 279, 24 S. Ct. 719, 48 L. Ed. 979; United States v. New York S. S. Co., 269 U. S. 313, 46 S. Ct. 114, 70 L. Ed. 281; China Mail S. S. Co. v. U. S. (C. C. A.) 290 F. 769; United States v. Curran (C. C. A.) 12 F.(2d) 395; The Limon (C. C. A.) 22 F.(2d) 272.

Congress also has the power, through legislation on matters exclusively within its control, to impose appropriate obligations, and to authorize their enforcement by reasonable money penalties, and to give administrative officers the power to inforce such penalties without the necessity of invoking the judicial power. United States v. Ju Toy, 198 U. S. 253, 25 S. Ct. 644, 49 L. Ed. 1040; Oceanic Navigation Co. v. Stranahan, 214 U. S. 321, 29 S. Ct. 671, 53 L. Ed. 1013; United States v. New York S. S. Co., 269 U. S. 313, 46 S. Ct. 114, 70 L. Ed. 281; Hampton & Co. v. United States, 276 U. S. 406, 48 S. Ct. 348, 72 L. Ed. 624.

It is provided under section 19, c. 190, Act of Congress of May 26, 1924, 43 Stat. 164 (8 USCA § 166), that "no alien seaman excluded from admission into the United States under the immigration laws and employed on board any vessel arriving in the United States from any place outside thereof, shall be permitted to land in the United States, except temporarily for medical treatment, or pursuant to such regulations as the Secretary of Labor may prescribe for the ultimate departure, removal, or deportation of such alien from the United States."

It is further provided under section 20(a) c. 190 of the said act (8 USCA § 167(a): "The owner, charterer, agent, consignee, or master of any vessel arriving in the United States from any place outside thereof who fails to detain on board any alien seaman employed on such vessel until the immigration officer in charge at the port of arrival has inspected such seaman (which inspection in all cases shall include a personal physical examination by the medical examiners), or who fails to detain such seaman on board after such inspection or to deport such seaman if required by such immigration officer or the Secretary of Labor to do so, shall pay to the collector of customs of the customs district in which the port of arrival is located the sum of $1,000 for each alien seaman in respect of whom such failure occurs."

Under these provisions an alien seaman, as described above, is rigidly excluded unless he be permitted to land for medical treatment or pursuant to regulations promulgated by the Secretary of Labor.

The amended complaint alleges that the crew, including the said two seamen, "were not examined by the said Inspector Rafferty as to their right to land and/or enter the United States of America * * * nor were they, or any of them, properly physically examined. * * *" If this language is to be accepted as indicating that no inspection was had as provided for by said section 20(a), no cause of action is set forth for there is no time limit on the requirement of inspection. The provisions of said section 20(a) require detention until inspection is had. If the local immigration authorities fail or refuse to inspect, appeal should be taken to the Department of Labor for relief. Where there is no inspection, the law is absolute in itself. No notice to detain is necessary—the act of Congress speaks for itself in requiring the detention until inspection is made.

The allegations in the amended complaint relating to inspection are conflicting, for, whereas there is an allegation in paragraph VIII of said amended complaint that there was no inspection, there is a prior allegation in paragraph VI of said complaint that, "upon such inspection," certain acts were done. If this language is to be accepted as indicating that there had been an inspection and that such inspection was followed by an order of detention which was improper, remedy lay in an appeal with the Department of Labor, for the modification of the order or its revocation, and not in the violation of the order of detention.

The amended complaint alleges that the said two seamen were not detained, but escaped from the vessel at the port of Seattle. This of itself would justify the fines levied, although it is also alleged that this was "in spite of every effort and care on the part of the captain, officers, and agents of the vessel." Section 20(a), hereinbefore set forth, does not require, as a condition precedent for the levying of a fine for failure to detain, that there should be knowledge or connivance on the part of those in charge of the vessel.

It is alleged that Giovanni Prigl, as master of the said vessel, upon being tendered the said blanket order of detention, refused to accept the same, and protested against the issuance of such an order. Of course, since the master was advised as to the tenor of the detention order, and was not uncertain as to who was to be detained, this refusal to accept the order would in no way alter or modify its effect.

The additional allegation of plaintiff that, within twelve days of the detention order, the two alien seamen were examined and not detained by the United States inspectors of the Immigration Service, at the ports of San Francisco and Los Angeles, furnishes no ground for permission to land at the port of Seattle.

While the amended complaint sets forth that the fines were "arbitrarily levied—imposed without justification and without authority," such allegations are merely conclusions of law, and, if not supported by statements of facts, indicating a cause of action, do not in and of themselves present a cause of action which will withstand a general demurrer. Silberschein v. United States, 266 U. S. 221, 45 S. Ct. 69, 69 L. Ed. 256; United States v. Meadows (C. C. A.) 32 F.(2d) 440. ·

It is the right and duty of the Secretary of Labor to determine the question of liability for a fine. The appellant has not set forth any claim, in the said amended complaint, that a fair hearing was denied, or that there was an erroneous application of law, or that action was taken without any legal proof. The amended complaint does not set forth facts sufficient to constitute a cause of action. The plaintiff not electing to amend within the time allowed, the trial court was justified in rendering its judgment of dismissal.

Judgment affirmed.