**UNITED STATES v. CAMBANIS et al.**
No. 1005.

District Court, S. D. Texas, at Galveston.
March 8, 1930.

Howell Ward, Asst. U. S. Atty., of Houston, Tex.

Lockhart, Hughes & Lockhart, of Galveston, Tex., for defendants.

HUTCHESON, J.

This is a suit to collect upon a bond executed by L. Cambanis conditioned as follows:

"The defendant shall pay to the Collector of Customs any and all fines and amounts of passage money found by the Secretary of Labor to be due and payable under the provisions of the Immigration Act of 1924 [8 USCA §§ 145, 146, 166, 167, 179, 201–226, 229]."

The bond was given because a fine of $3,000 has been assessed for the failure of the master to detain on board certain alien seamen after notice. A review of this fine was being sought, and the ship, desiring to sail, was required to either post a bond or deposit cash to abide the final decision of the Secretary.

Upon review of the matter, the Secretary imposed a fine of $1,000 for one alien seaman, and remitted the fines for the other two.

The defendant contests the recovery on the ground that the action of the Secretary of Labor was arbitrary, in that (1) the law does not require the physical detention on board ship of aliens named in the notice, but requires merely that the aliens depart with the ship, the purpose of the law being to prevent surreptitious entry into and landing in the United States.

There was no contention made in the pleadings or in the evidence that the bond was exacted by duress. That matter first appears in the briefs.

It seems to me that the law is with the plaintiff on all grounds.

1. I think that the law does authorize the immigration authorities to demand that aliens be detained on board ship, and that a breach of that notice subjects the master to a fine, even if the proof is uncontradicted that the aliens had no intention of slipping into the country.

Further, if in order to impose the fine the Secretary must find that the alien had after notice made a surreptitious landing for the purpose of effecting an entry, there is ample evidence in this case to justify that conclusion.

Upon the whole case, then I think that plaintiff should recover. Navigazione Libera Triestina v. United States (C. C. A.) 36 F. (2d) 631; United States v. Mora, 97 U. S. 413, 24 L. Ed. 1013; Eagle Indemnity Co. v. United States (C. C. A.) 22 F.(2d) 388; Karnuth v. United States, 279 U. S. 231, 49 S. Ct. 274, 73 L. Ed. 677.