**LLOYD ROYAL BELGE SOCIETE ANONY-ME v. ELTING, Collector of Customs.**

District Court, S. D. New York.

Oct. 29, 1931.

See, also (D. C.) 51 F.(2d) 790.

Kirlin, Campbell, Hickox, Keating & Mc-Grann, of New York City (Delbert M. Tibbetts, of New York City, of counsel), for plaintiff.

George Z. Medalie, U. S. Atty., of New York City (George B. Schoonmaker, of New York City, of counsel), for defendant.

ROBERT P. PATTERSON, District Judge.

Suit is brought to recover a fine of $1,000 imposed by the Secretary of Labor for failure to detain an alien seaman on board the steamship Caucasier. The fine was, imposed under section 20 of the Immigration Act of 1924 (8 USCA § 167).

On arrival of the Caucasier at New York on March 13, 1929, the master was directed by an immigration inspector to detain on board six of her crew because he was not satisfied that they were bona fide seamen. The order was in writing, and was served upon the master. Several days later, one of the men ordered detained managed to escape. A fine of $1,000 was imposed upon the plaintiff as owner of the ship by the Secretary of Labor, despite a showing by the master that reasonable precautions had been taken to prevent the detained men from landing. The fine was paid by the plaintiff under threat that otherwise clearance papers would not be issued. In this action, proof was received tending to show that the order for detention of the six men was unreasonable, and also that care was taken to prevent the escape of any of them. This evidence was received subject to the defendant's motion to strike it out. By stipulation, the case was tried with a jury of one.

Section 20 of the Immigration Act of 1924 (8 USCA, § 167) provides as follows: "The owner, charterer, agent, consignee, or master of any vessel arriving in the United States from any place outside thereof who fails to detain on board any alien seaman employed on such vessel until the immigration officer in charge at the port of arrival has inspected such seaman (which inspection in all cases shall include a personal physical examination by the medical examiners), or who fails to detain such seaman on board after such inspection or to deport such seaman if required by such immigration officer or the Secretary of Labor to do so, shall pay to the collector of customs of the customs district in which the port of arrival is located the sum of $1,000 for each alien seaman in respect of whom such failure occurs. No vessel shall be granted clearance pending the determination of the liability to the payment of such fine, or while the fine remains unpaid, except that clearance may be granted prior to the determination of such question upon the deposit of a sum sufficient to cover such fine, or of a bond with sufficient surety to secure the payment thereof approved by the collector of customs."

The meaning of this statute has been passed upon by the courts in several cases. There are two conditions precedent to the imposition of the fine in cases of escape after inspection: The first is an order or notice to detain a seaman on board; and the second is the failure to detain the seaman on board. Without notice to detain, there is, of course, no liability for fine. Sinclair Navigation Co. v. United States (C. C. A.) 32 F.(2d) 90. But the duty to detain after notice is an absolute one; the fact that those in charge of the ship may have used the utmost diligence to prevent escape is immaterial. See United States v. J. H. Winchester & Co. (C. C. A.) 40 F.(2d) 472. The imposition of the fine is a matter for the determination of the Secretary of Labor. Navigazione Libera Triestina v. United States (C. C. A.) 36 F.(2d) 631, 634; National Surety Co. v. Holtzman (C. C. A.) 43 F.(2d) 544, 546. As for collection of the fine, the United States may enforce payment by withholding clearance from the vessel, in which case the legality of the fine may be tested by suit to recover the fine paid; or it may sue on the bond posted to secure payment of fine; or it may bring suit against the owner or any agent to whom notice is brought home. United States v. J. H. Winchester & Co., supra.

It is quite clear that the fine was lawfully imposed and collected in this case, and that the plaintiff is not entitled to a refund. An order to detain the seaman was given to the master, and the man was not detained.

It is objected that the order was merely that of an immigration inspector, and not that of "the immigration officer in charge at the port of arrival." The subscription to the order, however, was "By direction of the Immigration Officer in Charge, Michael J. Dwyer, Immigration Inspector," and this was sufficient. It would be a physical impossibility for the Commissioner of Immigration at this port himself to make a personal inspection and to sign detention orders in the case of every vessel arriving here. Moreover, the order as issued was recognized as valid, and was acted upon by those in charge of the vessel. There is no merit in this point.

It is also urged that unusual care was taken by the owner to keep the seamen on board. This is doubtless true, but, as the authority already referred to shows, it is quite irrelevant. The duty of detention is no longer one of exercising due care, as it was under the 1917 act (39 Stat. 874); it is now an absolute duty. The defendant's motion to strike out the testimony offered by the plaintiff to prove vigilance to prevent escape is therefore granted.

It is also said that the Secretary of Labor has no right to impose fines in cases of this type; the fine may be determined only by a court. But as already pointed out, the authorities are otherwise.

I will direct a verdict for the defendant, with costs.