## INDEMNITY INS. CO. OF NORTH AMERICA v. UNITED STATES.
### No. 7338.

Circuit Court of Appeals, Fifth Circuit.
Nov. 26, 1934.

J. Gaillard Hamilton, of Mobile, Ala., for appellant.

Alex C. Birch, U. S. Atty., and J. E. Meredith, Asst. U. S. Atty., both of Mobile, Ala.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was against the surety on a clearance bond [1] given under 8 USCA § 167 (a).

The complaint was a simple one. It set out the bond and averred breach of its conditions. Against the petition more than forty-three demurrers were leveled and eight pleas. All of defendant's demurrers were overruled. All of plaintiff's demurrers to the eight pleas were sustained. The trial resulted in a judgment on the bond. Assigning as error only rulings on the pleadings, appellant does not bring up the statement of facts on which the case was tried. It relies for reversal entirely upon two points raised on the pleadings. The first is that the bond is invalid as a statutory bond because it provides for the determination by the Commissioner General, instead of by the Secretary of Labor, and is invalid as a common-law bond because given under the duress of the vessel's detention. Its second point is that the notice to detain the alien seaman was not given by the immigration officer in charge, that it was given arbitrarily and not upon adequate grounds.

But for the energy and resource with which defendant has labored its points we should have thought the case a simple one of a detained vessel, an agreement voluntarily entered into by a surety to abide the determination of the Commissioner General as to liability on the bond, and a breach of that agreement. Because of its counsel's earnestness we have examined the positions they take and the arguments they advance in support of them, with the greatest care. We do not find them meritorious.

After all is said and done, the case is at last one of a simple suit on a bond, the conditions of which have been breached, for it is quite plain that the statute requiring the detention of aliens is clear and absolute in its terms, requiring and admitting of little construction.[2] It unequivocally subjects a vessel to the payment of $1,000 for each alien seaman whom the master has failed to detain on board after he has been served with a de-

---

[1] Reciting that it appears that the master of the Dutch steamship or vessel called the Waaldyk of Rotterdam, Holland, has become liable to a penalty of $1,000 for failure to comply with the provisions of section 20 of the Immigration Act of 1924 (8 USCA § 167), in that on arrival of the vessel at the Port of Mobile, Ala., on May 26, 1929, he failed to detain on board an alien member, and that the principal desires to clear the vessel from the Port of Mobile, Ala., pending the determination of the liability to the payment of the penalty or fine by the Commissioner of Immigration, the bond bound the master of the Waaldyk, as principal, and Indemnity Insurance Company of North America, as surety, in the sum of $1,000 upon the condition, among others, to pay to the United States of America that sum or such part of it as may be finally determined by the Commissioner General of Immigration to be due.

[2] Section 167 (a), 8 USCA: "Detention of seamen on board vessel until after inspection; detention or deportation; penalty; clearance to vessels. The owner, charterer, agent, consignee, or master of any vessel arriving in the United States from any place outside thereof who fails to detain on board any alien seaman employed on such vessel until the immigration officer in charge at the port of arrival has inspected such seaman (which inspection in all cases shall include a personal physical examination by the medical examiners), or who fails to detain such seaman on board after such inspection or to deport such seaman if required by such immigration officer or the Secretary of Labor to do so, shall pay to the collector of customs of the customs district in which the port of arrival is located the sum of $1,000 for each alien seaman in respect of whom such failure occurs. No vessel shall be granted clearance pending the determination of the liability to the payment of such fine, or while the fine remains unpaid, except that clearance may be granted prior to the determination of such question upon the deposit of a sum sufficient to cover such fine, or of a bond with sufficient surety to secure the payment thereof approved by the collector of customs."

tention order by the immigration officer in charge, or some one acting for him. Lloyd Royal Belge Societe Anonyme v. Elting (D. C.) 55 F.(2d) 340; Id. (C. C. A.) 61 F.(2d) 745. It makes no provision for, it does not contemplate, inquiry into the grounds of the order. Denholm Shipping Co. v. Elting (D. C.) 55 F.(2d) 422. The only question for determination under it is whether the order was served and there has been failure to detain. Sinclair v. United States (C. C. A.) 32 F.(2d) 90. To secure payment of the fine the statute prohibits the clearance of vessels while the fine remains unpaid, but provides that clearance may be granted prior to the determination of liability upon the deposit of a sufficient sum, or the execution of bond with sufficient sureties. Having the option to make bond or deposit cash, the master cleared his vessel by tendering bond. Under no compulsion to do so, and with full knowledge of the claimed duress, 21 R. C. L. § 48; Oak v. Dustin, 79 Me. 23, 7 A. 815, the protest of the master being noted at the foot of the bond, appellant signed as surety. Because of the making and tender of the bond, the vessel was released. Under these estopping circumstances, appellant has a heavy burden to point out some illegality or invalidity nullifying the obligation it assumed. 21 R. C. L. § 47; United States, to Use of Hine, v. Morse, 218 U. S. 493, 31 S. Ct. 37, 54 L. Ed. 1123, 21 Ann. Cas. 782; State v. U. S. Fidelity & Guaranty Co., 81 Kan. 660, 106 P. 1040, 26 L. R. A. (N. S.) 865; Town of Point Pleasant v. Greenlee, 63 W. Va. 207, 60 S. E. 601, 129 Am. St. Rep. 971; Oliver v. Warren, 124 Ga. 549, 53 S. E. 100, 110 Am. St. Rep. 188, 4 L. R. A. (N. S.) 1020 and note; 9 R. C. L. § 18; Fountain v. Bigham, 235 Pa. 35, 84 A. 131, Ann. Cas. 1913D, 1185; United States v. National Surety Co. (D. C.) 20 F.(2d) 972, 973.

■ Appellant, citing United States v. Tingey, 5 Pet. 115, 8 L. Ed. 66, Constable v. National Steamship Co., 154 U. S. 51, 14 S. Ct. 1062, 38 L. Ed. 903, Oceanic Steam Navigation Co. v. Stranahan, 214 U. S. 329, 29 S. Ct. 671, 53 L. Ed. 1013, argues that it carries this burden when it proves that an officer of the government has, under color of the statute, exacted a bond containing conditions more burdensome than those fixed by law. It insists that the bond sued on so burdens its principal beyond its statutory duty as to avoid it.

We cannot agree with appellant. We think it plain that the agreement that the determination should be made by the Commissioner General is not in burdensome violation of the statute. Jessup v. United States, 106 U. S. 147, 1 S. Ct. 74, 27 L. Ed. 85, United States v. Bradley, 10 Pet. 343, 9 L. Ed. 448; Carnegie v. Hulbert (C. C. A.) 70 F. 209. We think, too, that this is a case not within the rule, but within the exception United States v. Tingey announced at page 129 of 5 Pet.: "It would be very different where such a bond was by mistake or otherwise voluntarily substituted by the parties for the statute bond, without any coercion or extortion by colour of office," for it plainly appears here that, though there was protest and objection to the recitations in the bond that the fine had been incurred, there was none to the designation of the Commissioner General as the one to determine the liability. The reason there was none becomes plain when the statute is turned to, for from all that there appears it might well have been claimed by the immigration officer in charge, who made the order of detention, that he was the one to determine whether the fine should be paid, and no doubt that was farthest from the shipmaster's desire.

■ But appellant argues that, since in other immigration statutes the Secretary of Labor is designated to determine liability for fines and penalties, it must be held to have been intended that he alone should make the determination this statute provides for. We do not think so. We think the fact that those statutes do empower the Secretary of Labor to determine fines and penalties, and this one does not, makes rather against than for appellant's argument. Unlike those statutes, section 167 (a) does not designate the Secretary of Labor to make the determination; it merely fixes the conditions making the fine due; it leaves at large who shall determine whether those conditions exist. In fact, its terms are such that, if appellant had not by agreement fixed upon the Commissioner General to make the determination, the most it could have contended for would have been an official, rather than a personal, determination by the Secretary of Labor, and that it has had in the determination by the Commissioner General.

■ The Commissioner General is by law constituted an officer in the Department of Labor who performs all of his duties under the direction of the Secretary of Labor. 8 US CA § 102 provides that the Commissioner General of Immigration, under the direction of the Secretary of Labor, shall have charge of the administration of all laws relating to the immigration of aliens into the United

States, shall have control, direction, and supervision of all officers, clerks, and employees appointed thereunder, and shall establish all such rules and prescribe such forms of bonds, reports, and other papers, and issue from time to time such instructions not inconsistent with law, as he shall deem best in connection with the admission and exclusion of aliens. Further, whatever question might have been raised as to the Commissioner General's power to do so, had he, without having been named in the bond, undertaken to determine the liability to the penalty the statute fixes, has been entirely obviated by his voluntary selection by appellant. National Surety Co. v. Holtzman (C. C. A.) 43 F.(2d) 544; United States v. Columbus Marine Corporation (C. C. A.) 62 F. (2d) 795. It is quite plain, we think, that this is no attempt to subject a bond or deposit exacted by duress, to the satisfaction of a demand not legally due. On its face there is neither illegality nor defect in the instrument sued on. Its terms do not burden beyond, or substantially differ from, the statutory requirement. Nothing in the evidence impeaches it. The judgment holding appellant to it is right.

It is affirmed.