**THE WEST INDIAN COMPANY, LTD.**
**and COMBINED ARGOSIES, INC., Plaintiffs**
**v.**
**THE UNITED STATES OF AMERICA**
**and C. L. ROOT, Collector of Customs,**
**Charlotte Amalie, St. Thomas, Virgin Islands,**
**Defendants**

## U. S. Civil No. 71-1943

## District Court of the Virgin Islands

Div. of St. Thomas and St. John at
Charlotte Amalie

## October 26, 1944*

*Same case on appeal, see p. 467, this volume*

*As taken from an appendix to the brief on behalf of plaintiff-appellant on file in the United States Court of Appeals, Third Circuit.

53

MOORE, *Judge*

This is a suit for the recovery of five one thousand dollar fines, imposed by the Attorney General for failure of the Master of the S.S. Kupa to detain five alien seamen on board the vessel "Kupa" in the port of St. Thomas, Virgin Islands, on June 5th and 6th, 1941, after having been served with detention order by the U. S. Department of Immigration at the port of St. Thomas, upon the arrival of the said vessel on June 5th, 1941.

The Attorney General thereafter imposed the fines totalling $5,000.00. This amount was paid by the plaintiff, West Indian Company, Ltd., in order that its sureties would not be called upon to pay, but the record is not clear whether the plaintiff, West Indian Company, Ltd., expected, or now expects, to recover the said amount from its principal, the co-plaintiff herein, Combined Argosies, Inc., nor does it show that the plaintiff, Combined Argosies, Inc., has yet paid out any sum which it should recover herein. Both plaintiffs herein filed suit jointly to recover the said fines. The United States of America has been dismissed as party defendant, leaving C. L. Root, Collector of Customs, as defendant.

This matter came on for hearing, and the Court has considered all of the evidence herein, together with the exhibits and briefs of both parties.

██ The section (8 U.S.C. § 167(a)(b))█ under which the above fines were assessed, provides:

"(a) The owner, charterer, agent, consignee, or master of any vessel arriving in the United States from any place outside thereof who fails to detain on board any alien seaman employed on such vessel until the immigration officer in charge at the port of arrival has inspected such seaman (which inspection in all cases shall include a personal physical examination by the medical examiners), or who fails to detain such seaman on board after such inspection or to deport such seaman if required by such immigration officer or the Attorney General to do so, shall pay to the collector of customs of the customs district in which the port of arrival is located the sum of $1,000.00 for each alien seaman in respect of whom such failure occurs." . . .

"(b) Proof that an alien seaman did not appear upon the outgoing manifest of the vessel on which he arrived in the United States from any place outside thereof, or that he was reported by the master of such vessel as a deserter, shall be *prima facie* evidence of a failure to detain or deport after requirement by the immigration officer or the Attorney General."

In the case of Indemnity Ins. Co. of North America v. United States, 74 F.2d 22, the Fifth Circuit Court of Appeals held, reading on page 23:

". . . it is quite plain that the statute requiring the detention of aliens is clear and absolute in its terms, requiring and admitting of little construction. It unequivocally subjects a vessel to the payment of $1,000.00 for each alien seaman whom the master has failed to detain on board after he has been served with a detention order by the immigration officer in charge, or some one acting for him. Lloyd Royal Belge Societte Anonyme v. Elting (DC) 55 F(2) 340; Id. (CCA) 61 F(2) 745. It makes no provision for, it does not contemplate, inquiry into the grounds of the order. Denholm Shipping Co. v. Elting (DC) 55 F(2) 422. The only question for determination under it is whether the order was served and there has been failure to detain. Sinclair v. United States (CCA) 32 F(2) 90."

█ From all the evidence in this case, this court is of the opinion that the detention order was properly served; that the master of the said vessel failed to detain the said detainees in accordance with the said order; that the

Attorney General, within his discretion, properly assessed the fine; that the fine was paid; that the plaintiff, West Indian Company, Ltd., in its letters of July 17, 1941, and May 3, 1943 (Plaintiffs' Exhibits 8 and 9), presented to the Attorney General all the facts it wished to present for his consideration; that nothing in these statements of the plaintiff showed any right as a matter of law to the remission of the said fines; that the matter was within the discretion of the Attorney General; that the Court finds no unfair use of this discretion; that on May 28, 1943, the Attorney General notified plaintiff, West Indian Company, Ltd., as follows: "You are advised that after consideration of the evidence of record the Department has entered an order that the motion to reopen the case, filed by you, be denied."

Therefore, this court is of the opinion that the plaintiffs, or either of them, are not entitled to recover the said fines.

Wherefore the plaintiffs' suit is dismissed with costs of the defendant, if any, to be paid by the plaintiffs.